“This case for the recovery of taxes under 26 U.S.C. § 7422(a), Internal Revenue Code, comes before the court on cross motions for summary judgment. There is no genuine issue as to any material fact.
“The sole issue in this case is whether plaintiff, reporting on the accrual basis, is entitled under the ‘all events’ test of Section 461 of the Internal Revenue Code of 1954 (Code) and Treasury Regulations thereunder to deduct when credited the amounts it became obligated to pay pursuant to the steel industry’s union-management negotiated 1962 Supplemental Unemployment Benefit (SUB) Plan, where plaintiff’s liability for such amounts was fixed and absolute but the time of payment was uncertain.
“Exactly the same legal question involving the same liability under the same SUB plan was resolved in favor of other steel companies in Lukens Steel Co. v. Commissioner, 442 F. 2d 1131 (3d Cir.1971), aff'g 52 T. C. 764 (1969), and Cyclops Corp. v. United States, 408 F. Supp. 1287 (W.D.Pa. 1976). The decision of the court in each of the above cases relies on the opinion of this court in Washington Post Co. v. United States, 186 Ct. Cl. 528, 405 F. 2d 1279 (1969), which rests, in turn, on a long line of precedent.
“Defendant acknowledges that obligations similar to those here in issue were considered and allowed as deductions in Lukens and Oyclops but argues that Lukens was wrongly decided. See, also, Rev. Rul. 72-34, 1972-1 Cum. Bull. 132. It also seeks to distinguish the instant case from Washington Post.
*560 “There is no issue here concerning the governing law. Instead, tbe only issue concerns the application of the law to the facts of this case, i.e., whether, as plaintiff contends, all events occurred in 1962 and 1963 to fix absolutely plaintiff’s obligation to pay the SUB plan ‘contingent liability,’ or whether, as the defendant contends, plaintiff’s liability to pay the SUB plan ‘contingent liability’ depended upon the occurrence of future events which must be considered conditions precedent to a proper accrual under the ‘all events’ test.
“We find that under the 1962 SUB plan, the obligation of the plaintiff steel company to pay the amounts accrued by it as ‘contingent liability’ became fixed and absolute and determinable in amount when accrued. As hourly services were rendered by employees during the taxable year, the plaintiff became, on a monthly basis, irrevocably committed to ultimately pay the prescribed amounts of ‘contingent liability’ produced by such hours worked. Although the term ‘contingent liability’ was used to describe the amounts in issue, the liability to pay such amounts was not contingent. No further event was required to establish this liability and no event other than payment or bankruptcy — not even termination of company operations — could relieve plaintiff of its obligation. The only uncertainty involved was as to the timing of the payment.
“Section 461(a) of the Code provides the general rule for determining the taxable year in which an expense is allowable as a deduction. Plaintiff computes its taxable income under the accrual method of accounting and, accordingly, the taxable year in which its expenses are deductible is determined under the ‘all events’ test set forth in Treas. Beg. § 1.461-(1) (a) (2). Consistent with the regulation and the concept of accrual accounting, uncertainty as to the time of payment is irrelevant once the fact and the amount of the liability are established. Lukens, supra; Washington Post, supra; and the cases cited therein.
“The legal issue presented here has already been decided against the defendant in the Lukens and Cyclops cases, which, as stated, involved the same collective bargaining agreement, the same SUB plan, the same items of ‘contin *561 gent liability,’ and the same taxable years as are involved here. Under these circumstances,
“it is ordered that defendant’s cross motion for summary judgment be and is hereby denied, that plaintiff’s motion for summary judgment be and is hereby granted, and that the amount of any recovery of the claimed overpayment of federal income taxes for the taxable years 1962 and 1963, plus statutory interest as provided by law, be determined under Rule 131(c).”
On May 6,1977 the court entered judgment for plaintiff to recover for calendar year 1962 federal income taxes in the amoimt of $1,280,283, penalties in the amount of $7,694, plus assessed interest in the amount of $374,649, together with statutory interest as provided by law, and for calendar year 1963 federal income taxes in the amount of $212,875, plus assessed interest in the amount of $70,581, together with statutory interest as provided by law.