OPINION
 

 BISSELL, Circuit Judge.
 

 The issues presented in this court, with one exception, were thoroughly treated in
 
 *1225
 
 the trial court’s opinion filed by Judge Seto, reported at 6 Cl.Ct. 250 (1984). The one issue which we need to address on appeal is the government’s contention that the Claims Court’s application of the “all events test” in Treas.Reg. § 1.461-l(a)(2) (1984) is contrary to precedent binding upon this court.
 
 [1]
 

 Taxpayer, an accrual basis taxpayer, is a self-insurer of its medical care plan. It deducted, as an expense on its federal income tax return, an estimate of its liability to pay for medical care for employees who had obtained treatment but whose claims had either not yet been filed or had not been processed at the end of the taxable year in issue. The Claims Court found that taxpayer’s claimed deduction met the “all events” test for deduction of an expense by an accrual basis taxpayer. An accrual basis taxpayer is entitled to deduct an expense in the taxable year in which
 
 all the events have occurred
 
 to establish
 
 the fact
 
 of the liability for the expense and fix
 
 the amount
 
 thereof with reasonable accuracy. Treas.Reg. § 1.461-1(a)(2) (1984).
 

 The government argues that even though the Claims Court decision may be supported by the law of another circuit,
 
 Kaiser Steel Corp. v. United States,
 
 717 F.2d 1304 (9th Cir.1983), it is in conflict with the law of this circuit as expressed in
 
 Eastman Kodak Co. v. United States,
 
 534 F.2d 252, 209 Ct.Cl. 365 (1976). We believe the government’s interpretation of
 
 Eastman Kodak
 
 is unwarranted. When one reads
 
 Eastman Kodak
 
 in conjunction with
 
 Washington Post Company v. United States,
 
 405 F.2d 1279, 186 Ct.Cl. 528 (1969), and
 
 Inland Steel Company v. United States,
 
 566 F.2d 1188, 212 Ct.Cl. 558 (1976), one understands that an affirmance of the trial court’s judgment is not contrary to the law in this circuit.
 
 [2]
 

 With regard to the first prong of the “all events test/’ the government emphasizes that it is the law in this circuit “that the
 
 fact of liability
 
 is measured on an item by item basis, rather than as an overall estimate.”
 
 Eastman Kodak,
 
 534 F.2d at 258 (emphasis in original). Since taxpayer failed to determine the fact of its liability on an employee by employee basis, the government’s position is that
 
 Eastman Kodak
 
 requires reversal of the trial court.
 

 The statement extracted by the government from that opinion, in context, related to the analysis as to whether for each employee the fact of liability is certain and not subject to future events. In the case at bar the Claims Court held that the last event necessary to fix the fact of liability was the occurrence of the insured event, the receipt of covered medical services. As the court explained, taxpayer was “not predicting the happening of future events; rather, [it was] estimating the amount of fixed liability for events which had already occurred.” 6 Cl.Ct. at 255. That result is not contrary to
 
 Eastman Kodak
 
 which required that “Kodak must show that the fact of payroll tax expense for the given employee was
 
 certain for each employee
 
 as of the end of [the tax year].” 534 F.2d at 258-59 (emphasis in original). The complicating feature of the payroll tax which the
 
 Eastman Kodak
 
 court addressed was the yearly ceiling on the tax. “The effect of the ceiling is to create a degree of uncertainty in determining, as of the end of a given year, at what time or for how many months an employer will have to pay tax during the next year for each individual employee.” 534 F.2d at 259. The ceiling created uncertainties as to the payroll tax
 
 *1226
 
 on bonuses and vacation pay because events in the subsequent year, an intervening pay raise and the timing of a vacation, would affect the fact of liability. That situation does not obtain here for there were no events in the subsequent year which would alter the fact of liability. Just as the taxpayer in
 
 Inland Steel
 
 became committed to ultimately pay the prescribed amount of liability as hourly services were rendered by employees during the taxable year, 566 F.2d 1188, 212 Ct.Cl. 560, so the taxpayer here became committed to pay prescribed amounts of liability as covered medical services were received by each employee during the taxable year.
 

 With regard to the second prong, the government argues that
 
 Eastman Kodak
 
 requires that the reasonable accuracy of the amount deducted be based on each claim, reminding us that “[t]he test must be applied to each employee on an individual basis.”
 
 Eastman Kodak,
 
 534 F.2d at 261. Since taxpayer failed to calculate the amount of its liability on an employee by employee basis, the government’s position again is that
 
 Eastman Kodak
 
 requires reversal. Again the government’s interpretation of
 
 Eastman Kodak
 
 is unwarranted. The second prong of the test is whether the amount of liability “is reasonably
 
 ascertainable
 
 for each employee.”
 
 Eastman Kodak,
 
 534 F.2d at 261 (emphasis added).
 
 Eastman Kodak
 
 did not hold that the amount of liability must be actually
 
 ascertained.
 
 The trial court in this case properly rejected the necessity for actual ascertainment on an employee by employee basis where in a situation such as this a canvass of taxpayer’s 56,000 employees was theoretically possible, but obviously would have been prohibitively expensive and overly burdensome.
 

 In the light of the foregoing, we believe the judgment of the Claims Court is not contrary to our precedent. Accordingly, we affirm that judgment on the basis of the Claims Court opinion.
 

 AFFIRMED.
 

 [1]
 

 . In
 
 South Corp. v. United States,
 
 690 F.2d 1368 (Fe.Cir.1982), this court adopted the Court of Claims precedent as binding upon it.
 

 [2]
 

 . Counsel for the government, although aware that a panel of this court is bound by prior precedential decisions unless and until overturned
 
 in banc,
 
 overlooks the fact that "statements in opinions of this court must be read harmoniously with prior precedent, not in isolation.”
 
 Kimberly-Clark Corporation v. Fort Howard Paper Company,
 
 772 F.2d 860, 863 (Fed.Cir.1985).